IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCUS DAMON SNIPES, JR.,

   Plaintiff,

v.

J. MICHAEL WACHS, et al.,

   Defendants.

Civil Action No.: SAG-24-3013

**MEMORANDUM OPINION**

Self-represented plaintiff Marcus Damon Snipes, Jr. filed the above-captioned civil rights Complaint together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. However, the Complaint must be dismissed for the reasons stated below.

Plaintiff brings this Complaint against Circuit Court for Anne Arundel County Associate Judges J. Michael Wachs and Pamela K. Alban; Attorney James Crawford, Jr.; Anne Arundel County; State of Maryland; and JC Law "Firm of Attorney." ECF No. 1. Plaintiff describes events that occurred in 2016 in the Anne Arundel County Circuit Court regarding a criminal matter in which Plaintiff was the Defendant. *Id*. at 8-9. He alleges that the transcript of the hearing shows "judicial misconduct, coercion by defendants to commit constitutional violations of due process as well as fundamental fairness," "facts are disputed and prosecution did not meet burden of proof," and "Judge had a duty to dismiss." *Id*. at 1-1. Plaintiff seeks $35,000,000 in damages. ECF No. 1 at 10.

For the reasons discussed below, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Title 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, for the reasons that follow, Plaintiff's claims against each of the named Defendants may not proceed.

Plaintiff's claim as to Judges Wachs and Alban is barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.") The doctrine of judicial immunity shields them from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)).

Moreover, "judges . . .are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553-54.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester at* 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* at 13. Neither exception applies here. Plaintiff's claims against each judge stem from actions taken by that judge during Plaintiff's criminal proceedings, which is precisely the type of judicial action covered by judicial immunity. Plaintiff has offered no grounds to defeat the judicial immunity that applies to the judges' determinations

3

made in his case. Accordingly, Plaintiff's Complaint allegations against Judges Wachs and Alban are dismissed.

Defendants James Crawford, Jr., Attorney, and JC Law, Firm of Attorney, are not state actors subject to suit under 42 U.S.C. § 1983. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, a plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Because Plaintiff's allegations concern Crawford and his firm's function as counsel, they were not acting under color of state law and therefore the Complaint must be dismissed against them.

As to defendant Anne Arundel County, Plaintiff has not stated a claim. In the case of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governmental entities may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. *Id.* at 690-91. The *Monell* Court explained that, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury the government as an entity is responsible under § 1983." *Id.* at 694; *see Love-Lane*, 355 F.3d at 782. Plaintiff has made no allegation that Anne Arundel County has any official policy or custom that violated his rights. Therefore, any claims against it must be dismissed.

Finally, defendant State of Maryland is immune from suit under the Eleventh Amendment. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original).

As Plaintiff has not stated a claim against a proper defendant, his Complaint must be dismissed.

A separate Order follows.


 April 16, 2025  
Date

/s/  
Stephanie A. Gallagher  
United States District Judge